IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

1
2
3
4   UNITED SATES OF AMERICA,
5   Plaintiff
6   v.                                                CRIMINAL 10-725m
7
8   JEFFREY ALLAN WEATHERS,
9   Defendant

10
11              ORDER OF DETENTION PENDING TRIAL
12
13      The defendant Jeffrey Allan Weathers is charged in a complaint dated
14  August 17, 2010 with being a person required to register under the Sex Offender
15  Registration and Notification Act (SORNA), 42 U.S.C. § 16901 et seq., in that he
16  did travel in interstate and foreign commerce and did knowingly fail to register
17  with the appropriate authorities in Puerto Rico, in violation of 18 U.S.C. § 2250(a).
18  See United States v. Gagnon, 574 F. Supp. 2d 172, 175-76 (D. Me. 2008.)
19

20      At the preliminary hearing held today, FBI Special Agent Tomas Ortiz
21  testified on behalf of the government.  He presented documents from the Alaska
22  Department of Public Safety which reflect that the defendant is listed in the Alaska
23
24  Sex Offender/Child Kidnapper Central Registry as a lifetime registrant as of
25  February 10, 2010. (Exhibit 3.)  The information presented in the affidavit in
26  support of the criminal complaint and the testimony of Special Agent Ortiz reflects
27
28  that the defendant is an unmedicated paranoid/schizophrenic.  Nevertheless,

CRIMINAL 10-0725m (JA)                    2

Article 5 of Law 266 of 2004 of the Commonwealth of Puerto Rico requires that a sex offender from another jurisdiction must register as a sex offender in Puerto Rico within 10 days of arriving here.   The defendant did not notify the Alaska authorities of his moving out of Alaska.   The records at the Puerto Rico Sex Offender Registry show that the defendant had not registered as a sex offender as of August 17, 2010, the date the complaint was authorized.  see 42 U.S.C. § 16913.  Thus, I make a finding that it is more probable than not that a violation of 18 U.S.C. § 2250(a) has been committed and that the defendant Jeffrey Allen Weathers has committed that offense. see United States v. Ditomasso, 552 F. Supp. 2d 233, 243-44 (D. R.I. 2008.)  He is therefore held to answer before a grand jury of this court.

Under 18 U.S.C. § 3141 et seq., judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, inter alia, flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond.  18 U.S.C. § 3142(e).

CRIMINAL 10-0725m (JA)                    3

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. See United States v. Sebastian, 612 F.3d 47, 51 (1st Cir. 2010.)   During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' defendant's presence at trial . . . . " United States v. Pérez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).  Facts necessary to find that no combination of conditions will reasonably assure the safety of any

CRIMINAL 10-0725m (JA)                4

person and the community require satisfaction of the "clear and convincing" standard.  18 U.S.C. § 3142(f)(2).

While the offense charged carries a 10-year maximum penalty, the nature of the defendant's criminal record (two sex offenses eight years apart), the evidence presented at the hearing (and contained in the supporting affidavit), as well as the extremely volatile and disruptive manner which the defendant displayed at and after the hearing, a hearing at which he was well represented by the Federal Public Defender, reflect that he is a danger to the community.  He has no ties to this community at all, having lived in a rented room in Quebradillas for a few months, during which time he was involuntarily committed to the Arecibo psychiatric hospital, and also during which time he ejected all of the contents of a neighbor from the neighbor's room, and down an adjoining hill.

I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office as well as the information contained in the affidavit supporting the criminal complaint, which information was adopted by Special Agent Ortiz at the hearing.  I find that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, or the safety of any other person and the community.

Defendant JEFFREY ALLEN WEATHERS is detained pending trial.

CRIMINAL 10-0725m (JA)                    5


It is ORDERED that he be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant JEFFREY ALLEN WEATHERS be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.

In San Juan, Puerto Rico, this 2d day of September, 2010.


S/ JUSTO ARENAS
Chief United States Magistrate Judge